Mr. Chief Justice Bingham
delivered the opinion of the Court:
This is a bill in equity in which the complainant shows that it is an incorporated company for the purpose of constructing, maintaining and operating a street railway in the District of Columbia; that this railway has been constructed and is being operated by the complainant. It shows that at the time of the granting of the charter there were certain provisions in the charter itself as to taxation of the property of the company, and avers that in 1871 the Legislative Assembly of the District of Columbia passed an act by which this company and all others in the District were to obtain a license, and were to pay for each car six dollars.
By the fourth section of this act the Legislative Assembly provided for a fine or penalty of not more than fifty *571 dollars upon each car for every railroad company failing to pay said license fee.
It is averred that in 1887 the Commissioners of the District presented to the Police Court an information, alleging a violation of the provisions of this act on the part of the plaintiff. On trial the plaintiff was found guilty * That an appeal was taken to the Criminal Court and was there dismissed, for the reason, as is averred in the bill, that the Court found the Legislative Assembly was "without the power to enact such a law. That afterwards, in April, 1882, another information with like charges and allegations was filed in the Police Court; that there the plaintiff was found guilty and an appeal taken to the Criminal Court, and in, that Court the attorney for the District .dismissed or withdrew the prosecution.
It is then alleged that in 1884, a short time previous to the filing of the bill in this case, the municipal authorities caused two informations to be presented to the Police Court; each containing charges or allegations like those in the in-formations theretofore prosecuted; and because of .the filing of such informations this bill is filed, in which the complainant avers—
1. That this act of the Assembly of the District is in excess of the power granted to it by Congress, and is, therefore, of no effect.
2. They aver also that the provision for collecting the license' fees, which provision, before recited, has been repealed by subsequent acts of Congress in which thej^ have undertaken specifically to provide for the manner of taxing street railway companies in this District.
It is complained that this is double taxation; that they are taxed, first, upon the capital stock, which represents all of their property, including these very cars on which it is sought to collect a license fee, and that the collection of such a fee is double taxation, and, therefore, not; to be sustained.
*572 Finally the complainant says:
“That if the said defendants are not sustained and enjoined by the order of this Court from annoying and harrassing its officers and agents, it will be irreparably injured in its business and welfare, and that it is without remedy at law adequate or complete.”
“That, according to the rules of practice established for the Police Court, causes therein instituted can go no farther than the Criminal Court; the judgment of which last mentioned Court in such causes being final and conclusive, and that, inasmuch as the questions involved in the said causes now pending in the Police Court were fully argued by counsel and considered by said Criminal Court, and decided adversely to the municipal authorities, the complainant ought to be protected from multiplicity of suits and harrassing and annoying writs.”
And the complainant then' prays that the defendant may be restrained, &c.
To this bill a general demurrer was interposed by the defendant.
Whatever might have been the questions presented to the Special Term, it would appear from the opinion of the justice who heard the cause that no question was made about the right of the plaintiff to file this bill in the Special Term. The case was there decided upon the grounds alleged in the bill for relief.
But upon the hearing of the case in this Court the question was suggested — not urged," however, by counsel on either side, but it is one which the Court cannot overlook — whether this Court has jurisdiction to entertain a bill in equity to restrain the prosecution of a criminal information to recover a penalty.
Authorities were cited by counsel for complainant on the invitation of the Court, but they all relate to the restraining of parties from bringing a civil action, no case has been produced where a court of equity has restrained a *573 criminal prosecution or a proceeding in the nature of a criminal prosecution, and we do not think that has ever been done by a court of equity. There is, we think, an apparent reason for it. Courts of equity interpose to prevent multiplicity of suits and vexatious litigation by private parties, who are shown to be actuated either by desire of gain or to gratify their malice. But prosecutions in the nature of criminal prosecutions are conducted by officers of the State representing the public and looking to public interests, as well as the just punishment of the guilty, and it would not be proper for a court of equity to undertake to restrain an officer acting in his official capacity and under the responsibilties of his office, from discharging what to him may appear to be a plain duty pertaining to his office.
For this reason we think the demurrer should be sustained.
We may add that we have serious doubt whether the grounds urged for maintaining this bill are such that they could not be urged in defense of these prosecutions. So far the defendant has been successful in a court of last resort, and there has been only one real instance where it has been determined by litigation. We think if we had jurisdiction the plaintiff could not be said to be in a condition to complain that he has suffered’ for a long time or to any very great extent. There were only two suits. One was determined by the action of the Court, and the other by withdrawal by the officer representing the prosecution. Inasmuch as the defense sought to be interposed here as a reason for the action of a court of equity could well be made in those prosecutions, and ought to be determined by the Court in which they are pending, we think the complainant is not in this Court under such circumstances as authorizes the Court to entertain the bill.

The decree of the Court in Special Term sustaining the demurrer and dismissing the bill is affirmed.